IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUSTAFA-EL K.A. AJALA f.k.a Dennis E. Jones-EL and
KAMAU T.Z. DAMALI f.k.a Raynell D. Morgan,

Plaintiffs,

ORDER

v.

13-cv-102-bbc

RICK RAEMISCH, DANIEL WESTIELD,
WILLIAM POLLARD, PETER ERICKSEN,
MICHAEL DELVEAUX, PATRICK BRANDT,
WILLIAM SWIEKATOWSKI, PETER HUIBREGTSE,
BRIAN KOOL, SARA MASON, CRAIG TOM,
LEBBEUS BROWN, MATTHEW SCULLION,
GARY BOUGHTON, JANET GOVIER and
OTHER JOHN AND JANE DOE ACTORS AND
CO-CONSPIRATORS,

Defendants.

---

In an order entered in this case on February 21, 2013, I explained to plaintiffs Mustafa K.A. Ajala and Kamau T.Z. Damali that under *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), they are each subject to the Prisoner Litigation Reform Act and must pay a separate $350 filing fee. In addition, I cautioned plaintiffs about the consequences of prosecuting this lawsuit in a joint complaint. I gave plaintiffs until March 15, 2013, to advise the court whether each of them wishes to prosecute this action jointly. In the same order, I gave plaintiffs until March 15 to submit trust fund account statements covering the period from August 12, 2012 and ending approximately February 12, 2013 so that their initial partial payments could be assessed.

Plaintiff Mustafa-el K.A. Ajala has submitted the requested statement and although he does not specifically state in his cover letter that he wishes to proceed with this action jointly with Kamau T.Z. Damali, I infer that he does, based on the fact that he provided the court with

his six-month trust fund account statement. From the statement, I calculate plaintiff Ajala's initial partial payment to be $19.20. If plaintiff Ajala does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff Ajala must pay at this time is the $19.20 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.

Plaintiff Kamau Z. Damali has not submitted a trust fund account statement nor has he notified the court whether he wishes to prosecute this action jointly as directed in the February 21, 2013 order. It may be that plaintiff Damali did not receive the February 21 order because sometime in mid-February he was moved to Green Bay Correctional Institution in Green Bay Wisconsin. Since Damali has not responded to the February 21 order, I will give him an enlargement of time to submit his six-month trust fund account statement and a written confirmation that he wishes to prosecute this action jointly with Mustafa-el K.A. Ajala.

ORDER

IT IS ORDERED that

1. Plaintiff Mustafa-el K.A. Ajala is assessed $19.20 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $19.20 on or before April 17, 2013. If, by April 17, 2013, plaintiff Ajala fails to make the initial partial

payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

2. Plaintiff Kamau T.Z. Damali may have until April 17, 2013, in which notify the court whether he wishes to prosecute this action jointly with Ajala and to submit a trust fund account statement for the period beginning August 12, 2012 and ending approximately February 12, 2013. If, by April 17, plaintiff Damali fails to respond to this order as directed, he will be considered to have withdrawn from the lawsuit.

Entered this 27th day of March, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge