IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                                           ORDER

                Plaintiff,

                                     13-cv-102-bbc

      v.

RICK RAEMISCH, DANIEL WESTFIELD,
WILLIAM POLLARD, PETER ERICKSEN,
MICHAEL DELVEAUX, PATRICK BRANT,
WILLIAM SWIEKATOWSKI, PETER HUIBREGTSE,
BRIAN KOOL, SARA MASON, CRAIG TOM,
LEBBEUS BROWN, MATTHEW SCULLION,
GARY BOUGHTON, JANET GOVIER and
OTHER JOHN AND JANE DOE ACTORS
AND COCONSPIRATORS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated June 20, 2013, dkt. #14, I concluded that the complaint filed by

plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis E. Jones-El, violated Fed. R. Civ.

P. 20 because it included allegations about six separate series of transactions:

(1) plaintiff's placement in segregation at the Green Bay Correctional Institution and

his later transfer to the Wisconsin Secure Program Facility;

(2) the use of force while plaintiff was being transported;

(3) the allegedly false conduct report plaintiff received for gang activity and planning

1

a riot and the hearing plaintiff received on the conduct report;

    (4) plaintiff's cell conditions while he was housed in the alpha unit;

    (5) plaintiff's placement in administrative confinement and his continued retention in that status; and

    (6) plaintiff's cell conditions while housed in administrative confinement.

Accordingly, I instructed plaintiff to tell the court which of these six events he would like to challenge in the context of this case. In addition, I asked plaintiff to advise the court whether he wished to pursue the other claims under separate case numbers or dismiss the other claims without prejudice so that he may file them at a later date.

Plaintiff has responded to the June 20 order in multiple ways. First, he seeks reconsideration of the decision that the first four series of transactions do not belong in the same lawsuit. Dkt. #18. However, as I explained in the previous order, the only alleged common question among the four transactions is plaintiff's conclusory allegation of a wide ranging conspiracy among many prison officials involved in each incident. Because "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough" to satisfy federal pleading standards, Cooney v. Rossiter, 583 F.3d 967, 970–71 (7th Cir. 2009), plaintiff's allegation cannot serve as a basis to join the claims. Plaintiff adds no new facts about the alleged conspiracy in his response, so I will adhere to the conclusion I reached in the June 20 order.

In the event the court denies his motion for reconsideration, plaintiff identifies two possible alternatives. First, he says, if the court will "acknowledge" his theory that

defendants transferred him (no. 1), used excessive force against him (no. 2) and gave him a conduct report (no. 3) in retaliation for a grievance about his conditions of confinement that he filed before his transfer, then he wishes to pursue each of those claims. Otherwise, he wants to proceed with two lawsuits that arise out of the use of force (no. 2) and his cell conditions on the alpha unit (no. 4). In a subsequent letter, plaintiff wrote that he wants to proceed with no. 4 regardless of the court's resolution of his other arguments. Dkt. #20. In addition, plaintiff wishes to dismiss without prejudice the claims that arise out of his placement and retention in administrative confinement (no. 5) and his cell conditions in administrative confinement (no. 6).

Plaintiff's retaliation claims necessarily fall with his conspiracy allegations because the conspiracy is the only reason plaintiff identifies in his complaint why any of the defendants would have wished to retaliate against him. Plaintiff does not allege that the grievance he filed was about any of the defendants in this case and he identifies no suspicious circumstances suggesting a connection between the grievance and any of the allegedly retaliatory actions.

Plaintiff includes one allegation that defendant Scullion made a derogatory reference about Jones-El v. Berge, No. 00-cv-421-bbc (W.D. Wis.), a class action about prison conditions filed by plaintiff in 2000, but plaintiff does not allege that Scullion or any one else retaliated against him because of his participation in that lawsuit. Cpt. ¶ 114, dkt. #1. Even if plaintiff had alleged that, it would not be sufficient to state a claim upon which relief may be granted. Plaintiff alleges that Scullion made the comment while telling plaintiff he

3

was "never getting out of" the Wisconsin Secure Program Facility, id., but plaintiff does not allege that Scullion, a correctional officer, had any control over plaintiff's placement.

With the exception of defendant Pollard, plaintiff does not identify any reason to believe that defendants were even aware of his grievance apart from the conclusory conspiracy allegation. With respect to Pollard, plaintiff alleges that he spoke to Pollard about the grievance before he filed it and that Pollard agreed that plaintiff should be allowed to circulate it to other prisoners. Cpt. ¶¶ 91-93, dkt. #1. Plaintiff's theory seems to be that Pollard intentionally misled plaintiff into believing that he could file the grievance while secretly plotting to retaliate against plaintiff once the grievance was filed, but he provides no support for that theory. Yeftich v. Navistar, Inc., No. 12-2964, — F.3d —, 2013 WL 2992163 (7th Cir. June 18, 2013) ("Bare assertions of the state of mind required for the claim . . . must be supported with subsidiary facts.").

With that understanding of plaintiff's claims, I will dismiss all of the claims with the exception of those related to the use of force and the cell conditions on the alpha unit. Plaintiff does not say which claims he wants to prosecute as no. 13-cv-102-bbc (despite a request from the court that he do so), so I will construe plaintiff's silence on this issue to mean that he does not have a preference. Accordingly, plaintiff's claim challenging the use of force by defendants Craig Tom and Matthew Scullion will proceed as no. 13-cv-102-bbc and I will direct the clerk of court to assign a new case no. to plaintiff's claim against defendants Tom, Sara Mason, Peter Huibregtse, Gary Boughton, William Pollard and Peter Ericksen about the conditions of confinement on the alpha unit at the Wisconsin Secure

Program Facility.

Because plaintiff has made an initial partial payment for case no. 13-cv-102-bbc as required by 28 U.S.C. § 1915(b)(1), the claims that make up Lawsuit #2 are ready for screening, which I will do in a separate order.  I will direct the clerk of court to assign a new case number to Lawsuit #4, which I will screen after plaintiff submits an initial partial payment for that case.  In assessing the amount of the initial partial payment, I will use the same trust fund account statement that plaintiff submitted for case no. 13-cv-102-bbc.

Finally, plaintiff has filed a "motion for an order on class certification and appointment of counsel," dkt. #19, but that motion is premature.  After the court screens plaintiff's claims, he may file a renewed motion if he believes that class certification is still appropriate on any claims that remain.  (Plaintiff seeks appointment of counsel not because he lacks the skills to litigate the case, but because he recognizes that pro se parties cannot represent a class.  Fed. R. Civ. P. 23(g)(1).)  However, I advise plaintiff that his motion is certain to be denied if it is as conclusory as the one that he just filed.  A party seeking class certification must satisfy all the requirements in Fed. R. Civ. P. 23(a):  (1) the class is sufficiently numerous; (2) the claims of the class members present common questions of law or fact; (3) the named plaintiff's claims are typical of those of other class members; and  (4) the named plaintiff will be an adequate class representative.  In addition, plaintiffs must meet the requirements of at least one of the types of class actions listed in Rule 23(b).  It seems highly unlikely that plaintiff could make these showings without at least some discovery, so he should not bring a renewed motion until he is confident that he has enough

5

information to support certification.

ORDER

1.  This case is SEVERED in accordance with Fed. R. Civ. P. 20, Fed. R. Civ. P. 21 and the court's inherent authority.

2.  Plaintiff Mustafa-El K.A. Ajala's claim that defendants Craig Tom and Matthew Scullion used excessive force in the process of transferring plaintiff from the Green Bay Correctional Institution to the Wisconsin Secure Program Facility in February 2007 will proceed as case no. 13-cv-102-bbc.

3.  The clerk of court is directed to assign a new case number to plaintiff's claim that defendants Tom, Sara Mason, Peter Huibregtse, Gary Boughton, William Pollard and Peter Ericksen subjected plaintiff to unconstitutional conditions of confinement on the alpha unit at the Wisconsin Secure Program Facility from February 2007 to July 2007.

4.  The remaining claims are DISMISSED WITHOUT PREJUDICE to plaintiff's refiling them at a later date.

5.  The following defendants are DISMISSED from case no. 13-cv-102-bbc: Daniel Westfield, William Pollard, Peter Ericksen, Michael Delvaux, Patrick Brandt, William Siwekatowski, Peter Huibregtse, Brian Kool, Sara Mason, Lebbeus Brown, Gary Boughton, Janet Govier  and "other John and Jane Doe actors and co-conspirators."

6.  I will screen case no. 13-cv-102-bbc in a separate order.

7.  Plaintiff is directed to make an initial partial payment in the amount of $19.20

for the new case.  I will screen that case in a separate order after plaintiff submits that

payment.

8.  Plaintiff's motion for an order on class certification and appointment of counsel,

dkt. #19, is DENIED.

Entered this 31st day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge