IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                                    Plaintiff,

ORDER

13-cv-102-bbc

    v.

CRAIG TOM and MATTHEW SCULLION,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mustafa-El K.A. Ajala has filed a motion for reconsideration of orders severing the case and screening his complaint under 28 U.S.C. § 1915A, along with a motion for an extension of time to file a brief in support of that motion. Dkt. ##26 and 27. Plaintiff has now filed a brief, dkt. #28, so I will grant the motion for an extension of time. In addition, he has filed what he calls a "supplemental pleading," which I will construe as a motion for leave to amend his complaint. Dkt. #29. Because plaintiff has not shown that I erred in the previous orders and his new allegations do not relate to the claims in this case, I am denying his motion for reconsideration and his motion for leave to file an amended complaint. However, I will grant plaintiff's alternative request to proceed in a separate case on some of his claims that I dismissed previously.

      In the order severing the case, I declined to allow plaintiff to join claims about his

1

transfer from the Green Bay Correctional Institution to the Wisconsin Secure Program Facility in 2007, the alleged use of excessive force during the transfer and a conduct report he received after the transfer. Dkt. #21. Although plaintiff stated that all of these claims should be joined because they were part of a conspiracy, he failed to include any allegations in his complaint supporting the existence of that conspiracy. Cooney v. Rossiter, 583 F.3d 967, 970–71 (7th Cir. 2009) ("[M]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough" to satisfy federal pleading standards.). In the screening order, I allowed plaintiff to proceed on his claim that defendants Craig Tom and Matthew Scullion used excessive force against him. Dkt. #22.

Plaintiff challenges aspects of both orders in his motion for reconsideration. With respect to the severance order, plaintiff argues again that the court should have allowed him to proceed on a conspiracy theory, but he points to no allegations showing that each of the defendants was working together to retaliate against him. The supplement he has filed includes new allegations about William Pollard only, so it cannot show a conspiracy among different defendants.

In the alternative, plaintiff asks to proceed in a new case on his claims against William Swiekatwoski, Gary Boughton, Patrick Brandt, Michael Delvaux and William Pollard relating to the conduct report he received, including his retaliation claim, his due process claim and his discrimination claim. I referred to these claims as "Lawsuit #3" in previous orders. Although I dismissed those claims without prejudice in the order severing the case because that is what plaintiff requested, I see no reason why I cannot vacate that

portion of the order and direct the clerk of court to open a new case rather than require plaintiff to file a new complaint. Accordingly, I will assign a new case number to those claims, which I will screen after plaintiff submits an initial partial payment for that case. Because plaintiff's "supplemental pleading" relates to these claims, I will direct the clerk of court to docket that filing in the new case. In assessing the amount of the initial partial payment, I will use the same trust fund account statement that plaintiff submitted for case no. 13-cv-102-bbc.

With respect to the screening order, plaintiff argues that the court should allow him to proceed on a theory that defendant Tom failed to intervene to stop defendant Scullion from using excessive force. I am denying this motion as unnecessary. I already have allowed plaintiff to proceed against both Tom and Scullion on an excessive force claim. At summary judgment or trial, plaintiff may attempt to prove that defendant Tom should be held liable under any theory of personal involvement recognized under 42 U.S.C. § 1983, including a theory for failure to intervene. Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004); Koutnik v. Brown, 351 F. Supp. 2d 871, 876 (W.D. Wis. 2004). It is not necessary for the court to identify a particular theory of personal involvement in the screening order.

ORDER

IT IS ORDERED that

1. Plaintiff Mustafa-El K.A. Ajala's motion for an extension of time, dkt. #27, is GRANTED.

2.  Plaintiff's motion for reconsideration, dkt. #26, is DENIED.

3.  Plaintiff's motion for leave to file an amended complaint, dkt. #29, is DENIED.

4.  The portion of the July 31, 2013 order, dkt. #21, dismissing the claims against William Swiekatwoski, Gary Boughton, Patrick Brandt, Michael Delvaux and William Pollard relating to the conduct report plaintiff received ("Lawsuit #3") is VACATED. Those claims will proceed as case no. 13-cv-638-bbc. The clerk of court is directed to open a new case, including plaintiff's complaint, dkt. #1, his supplemental pleading, #29, his motion for reconsideration and supporting brief, dkt. ##26 and 28, this order and the orders in this case dated June 20, 2013, dkt. #14, and July 31, 2013, dkt. #21.

5.  Plaintiff is directed to make an initial partial payment in the amount of $19.20 for the new case. I will screen that case in a separate order after plaintiff submits that payment.

Entered this 16th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge