IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                                                ORDER

                    Plaintiff,

                                              13-cv-102-bbc

     v.

CRAIG TOM and MATTHEW SCULLION,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, brought this lawsuit under 42 U.S.C. § 1983, asserting a claim that defendants Craig Tom and Matthew Scullion used excessive force against him by handcuffing him too tightly during a prison transfer, in violation of the Eighth Amendment. In an order dated March 7, 2014, dkt. #59, I granted defendants' motion for summary judgment on the ground that plaintiff had failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

      Plaintiff had filed two grievances related to his claim in this case, but the grievance examiner rejected both of them. The examiner rejected the first one because plaintiff had filed more than two grievances in a week, in violation of Wis. Admin. Code § DOC 310.09(2). The second one was rejected because plaintiff filed it more than 14 days after the incident that was the subject of the grievance, in violation of Wis. Admin. Code. § DOC 310.11(5)(d). Plaintiff's primary argument in his brief was that the examiner should have

accepted plaintiff's first grievance under the exception to Wis. Admin. Code § DOC 310.09(2), which allows an examiner to accept more than two grievances in a week if a grievance raises "health and personal safety issues." I rejected this argument on the ground that the examiner acted reasonably in limiting the exception to grievances in which the prisoner was complaining about his current treatment. Although plaintiff said that he was still in pain when he filed his grievance, he did not ask for any medical treatment in his grievance and he did not ask to be protected from defendants in the future. Rather, he was seeking redress for an incident that had occurred in the past. Accordingly, it was appropriate for the examiner to conclude that the health and safety exception did not apply. Plaintiff raised several other arguments as well, but most of them were undeveloped and none of them were persuasive.

Now plaintiff has filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Dkt. #63. In addition, plaintiff has filed a motion to strike defendants' opposition brief because they did not serve it on him. Dkt. #69. I am denying both motions because I do not need to rely on defendants' brief to conclude that plaintiff's motion for reconsideration should be denied. Nothing in plaintiff's motion for reconsideration persuades me that it was an error to find that the case should be dismissed for his failure to exhaust his administrative remedies.

Plaintiff raises one issue that I did not address in the March 7 order, which is that the only reason he filed more than two grievances in a week is that, the previous week, examiners erroneously rejected two other grievances, which he then had to refile the next week. However, even if I assume that a previous erroneous decision could affect how § DOC

310.09 is applied, plaintiff does not develop an argument in support of his view that the other grievances were "wrongly rejected"; he simply says that they were. Accordingly, plaintiff has forfeited this issue. Gross v. Town of Cicero, Illinois, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.").

ORDER

IT IS ORDERED that the motion to alter or amend the judgment filed by Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, dkt. #63, is DENIED.

Entered this 11th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge