IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                                                                  ORDER

                Plaintiff,

                                                                   13-cv-102-bbc

     v.

CRAIG TOM and MATTHEW SCULLION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as Dennis E. Jones-El,

                                                 ORDER

                Plaintiff,

                                                     13-cv-545-bbc

     v.

RICK RAEMISH, PETER HUIBREGTSE,
GARY BOUGHTON, AMY SMITH,
STEVE CASPERSON and CATHY JESS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as Dennis E. Jones-El,

                                               ORDER

                Plaintiff,

                                                     13-cv-546-bbc

     v.

KELLI WEST, RICK RAEMISCH,
TODD OVERBO, PETER HUIBREGTSE
and GARY BOUGHTON,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as DENNIS E. JONES-EL,

                                               ORDER

               Plaintiff,

                                                 13-cv-547-bbc

      v.

WILLIAM SWIEKATOWSKI
and PETER ERICKSEN,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

                                               ORDER

             Plaintiff,

                                               13-cv-638-bbc

      v.

WILLIAM SWIEKATOWSKI, GARY BOUGHTON,
PATRICK BRANDT, MICHAEL DELVAUX
and WILLIAM POLLARD,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In case nos. 13-cv-545-bbc and 13-cv-546-bbc, plaintiff Mustafa-El K.A. Ajala has filed two sets of motions for an extension of time to file supplemental materials due on February 20, 2015.  Dkt. ##47 and 48 (case no. 13-cv-545-bbc); dkt. ## 39 and 40 (case

no. 13-cv-546-bbc). In the first set of motions, he said he needed an additional two days because of the deadline he faced in the other case, though he did not comply with the deadline for *either* case. In the second set of motions, his excuse was that he had a hand cramp, making it difficult for him to write. However, plaintiff had two months to file his supplemental materials in case no. 13-cv-545-bbc and more than one month to file his supplemental materials in case no. 13-cv-546-bbc, so either of his problems could have been avoided easily if he had made any attempt to budget his time. Further, I have instructed plaintiff in previous orders that "it was plaintiff['s] decision to proceed with so many claims at the same time, so [he] cannot use other filings as an excuse to receive extensions of time. Plaintiff . . . should keep this in mind as he is planning how to litigate the various cases that he has pending in this court." Ajala v. Overbo, No. 13-cv-184, slip op. at 2 (W.D. Wis. Sept. 3, 2014 ), dkt. #66. Although plaintiff's excuses are weak, I will grant plaintiff's motions because both requests were for short extensions, the court has since received plaintiff's materials and defendants were not prejudiced by the late filings.

Viewed in isolation, plaintiff's requests for additional time are unremarkable and would require no additional comment. However, they represent only the latest two examples of what have been numerous requests by plaintiff to obtain last-minute extensions for the majority of deadlines imposed on him in this case and several other cases filed in this court over the last two years. Ajala v. Tom, No. 13-cv-102-bbc (W.D. Wis.), dkt. ##15 and 64 (seeking extensions of time for two out of three deadlines unrelated to filing fees); Ajala v. Overbo, No. 13-cv-184-bbc (W.D. Wis.), dkt. ## 32, 44, 54, 63 and 75 (seeking extensions

of time for three out of four deadlines unrelated to filing fees and twice for summary judgment deadline; failing to comply with one deadline without requesting extension); Ajala v. West. No. 13-cv-544-bbc (W.D. Wis.), dkt. ## 15, 28 and 45 (seeking extensions of time for two out of three deadlines unrelated to filing fees; failing to comply with third deadline but not requesting extension of time); Ajala v. West, No. 13-cv-545-bbc (W.D. Wis.), dkt. ##21, 47 and 48 (seeking two extensions of time on each of two deadlines unrelated to filing fees); Ajala v. West, No. 13-cv-546-bbc (W.D. Wis.), dkt. ##18, 20, 39 and 40 (seeking extensions of time on each of two deadlines unrelated to filing fees and twice for summary judgment deadline); Ajala v. Swiekatowski, No. 13-cv-547-bbc (W.D. Wis.), dkt. ##5, 23, 25 and 27 (seeking extension of time on two out of three deadlines unrelated to filing fees and three times for summary judgment deadline); Ajala v. Swiekatowski, No. 13-cv-638-bbc (W.D. Wis.), dkt. ##25, 51, 56 (seeking extension of time on three out of five deadlines unrelated to filing fees).

The court has been granting plaintiff's requests for more time as a matter of course, not necessarily because plaintiff has shown consistently that he has good cause for an extension but because he is pro se and because his requests are generally for a relatively short period of time. However, it has become clear that plaintiff is now simply disregarding the deadlines and expecting that he will be granted additional time in every case. This sense of entitlement is demonstrated by plaintiff's practice of seeking extensions on the day of the deadline or just before it. Although individual requests may be insignificant, collectively they have become a burden for Magistrate Judge Stephen Crocker (who must review and

4

issue an order on each request), for the clerk of court (who must change briefing schedules after a request is granted) and for the defendants (who must readjust their own schedules each time a deadline is moved).

This order places plaintiff on notice that the court will no longer indulge each and every request for more time that he makes, regardless of the reason for the request or its timing. In the future, the court will not grant an extension in the absence of a persuasive showing of good cause. Fed. R. Civ. P. 6(b). Generally, good cause will *not* include other requirements plaintiff has in other civil cases in this court. As noted above, plaintiff was advised by the court many months ago that he would be expected to adhere to court deadlines, regardless whether he may have other cases pending. Again, it was plaintiff's decision to litigate this many claims at the same time. In addition, good cause will *not* include any issue that plaintiff could have avoided with better time management. For example, if plaintiff has several weeks to complete a task, he should not complain about an issue that arose on the day his filing is due.

In addition, plaintiff should not assume that he will receive an extension of time until he has received the court order granting his request. This means that plaintiff will have to plan ahead rather than wait until the last minute to file a request for an extension. If plaintiff has not received a decision from the court by the day his materials are due, then he should assume that his motion will *not* been granted and he should submit what he has completed as of that date rather than filing nothing on the assumption that the court will grant his request on some later date.

5

If plaintiff does not comply with these rules, the court may disregard any materials that he files after the deadline. McInnis v. Duncan, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are pro se must follow court rules and directives."); Koszola v. Board of Education, 385 F.3d 1104, 1109 (7th Cir. 2004) (court of appeals has "emphasized the importance of local rules and [has] consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules.").

ORDER

IT IS ORDERED that the motions for an extension of time filed by Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, dkt. ## 47 and 48 (in case no. 13-cv-545-bbc) and dkt. ## 39 and 40 (in case no. 13-cv-546-bbc), are GRANTED. In the future, plaintiff must comply with the instructions in this order when seeking an extension of time.

Entered this 3d day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge