IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                     Plaintiff,

    v.

CRAIG TOM and MATTHEW SCULLION,

                     Defendants.

ORDER

13-cv-102-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case is on remand from the Court of Appeals for the Seventh Circuit to determine whether pro se prisoner Mustafa-El K.A. Ajala has exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a). Ajala v. Tom, 592 F. App'x 526 (7th Cir. 2015). Although it is undisputed that prison officials rejected plaintiff's grievance in this case because he violated the rule limiting prisoners to two grievances each week, Wis. Admin. Code § DOC 310.09(2), plaintiff argues that he filed three grievances in one week only because officials wrongly rejected two grievances he filed the previous week. Those grievances were rejected on the ground that they included more than one issue. Wis. Admin. Code § DOC 310.09(1)(e).

      The court of appeals did not resolve plaintiff's argument, but instead directed this court to hold an evidentiary hearing in accordance with Pavey v. Conley, 528 F.3d 494, 496-98 (7th Cir. 2008), to determine "whether prison staff improperly refused under the one-issue rule to process the first two grievances and thereby impeded Ajala's access to his administrative remedies." Ajala, 592 F. App'x at 528. Accordingly, I will direct the clerk of court to schedule an evidentiary hearing.

      Before the hearing, both sides should submit briefs identifying any factual or legal issues that they believe the court will need to resolve at the hearing. One issue the parties

1

should address is the standard of review this court should apply when considering whether officials were entitled to reject plaintiff's grievances as including more than one issue.  In a previous case raising that same question,  I concluded that courts must give deference to an agency's interpretation of its own regulation, but that a court could reject an interpretation that was arbitrary, clearly erroneous or otherwise deprived a prisoner of a meaningful opportunity to complete the grievance process.  Simpson v. Greenwood, No. 06-C-612-C, 2007 WL 5445538, at *10 (W.D. Wis. Apr. 6, 2007).  I have attached a copy of that decision to this order.  If the parties disagree with any aspect of that decision, they should explain their objections in their brief.

ORDER

    IT IS ORDERED that

    1.  In accordance with Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008), an evidentiary will be held on April 23, 2015 at 1:30 pm to determine whether plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a).

    2.  The parties may have until April 9, 2015 to submit briefs identifying the legal and factual issues that need to be resolved at the hearing.

    3.  The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff to appear at the hearing.  Plaintiff should arrive at the courthouse at least thirty minutes before the hearing is scheduled to begin.

    Entered this 20th day of March, 2015.

                                               BY THE COURT:
                                               /s/
                                               BARBARA B. CRABB
                                               District Judge