IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                                                                                    OPINION and ORDER

                     Plaintiff,

                                                                                    13-cv-102-bbc

     v.

CRAIG TOM and MATTHEW SCULLION,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     On February 9, 2007, prisoner Mustafa-El Ajala was transported by van from the Green Bay Correctional Institution to the Wisconsin Secure Program Facility, a trip that took approximately four and a half hours. Plaintiff contends that defendants Craig Tom and Matthew Scullion (both correctional officers) violated his rights under the Eighth Amendment by refusing to loosen his restraints during the trip. The parties have filed cross motions for summary judgment, dkt. ##103 and 112, which are ready for review. Because plaintiff has not shown that defendants violated clearly established law even under his own version of events, I am denying his motion for summary judgment and granting defendants' motion.

1

OPINION

A. Standard of Review

A threshold question relates to the appropriate standard of review. Defendants assume that the standard for excessive force applies, that is, "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320 (1986). Plaintiff argues that the standard for conditions of confinement cases should apply, that is, whether defendants were "deliberately indifferent" to plaintiff's health or safety, or, in other words, whether defendants consciously disregarded a substantial risk of serious harm. Guzman v. Sheahan, 495 F.3d 852, 857 (7th Cir. 2007).

As I have noted in other cases, e.g., Lewis v. Sweeney, No. 13-cv-457-bbc, 2014 WL 5361949, at *7 (W.D. Wis. Oct. 21, 2014), the Court of Appeals for the Seventh Circuit has applied the excessive force standard in some cases involving restraints and the deliberate indifference standard in other cases, without explaining the reason for choosing one standard over the other. Compare Gruenberg v. Gempeler, 697 F.3d 573, 579-80 (7th Cir. 2012) (applying deliberate indifference standard to claim that defendants restrained prisoner for five days), with O'Malley v. Litscher, 465 F.3d 799, 805 (7th Cir. 2006) (applying excessive force standard to claim that defendants placed plaintiff in five-point restraints for several hours, applied them too tightly and refused to allow plaintiff to use bathroom). See also

2

Santiago v. Walls, 599 F.3d 749, 757 (7th Cir. 2010) (referring to both excessive force standard and deliberate indifference standard in discussing use of handcuffs in prison).  In other cases, the court has assumed that restraints may violate the Constitution under some circumstances without specifying a standard of review.  Murphy v. Walker, 51 F.3d 714, 718 (7th Cir. 1995) ("If Murphy was indeed shackled to the floor of his cell, and we assume his factual allegations are true for the purposes of this appeal, the district court erred in dismissing this claim.") (internal citation omitted); Wells v. Franzen, 777 F.2d 1258, 1264-65 (7th Cir. 1985) ("[P]laintiff's allegations concerning the conditions of his restraint are sufficient to warrant further examination.").

    In this case, I think the better argument is that the deliberate indifference standard should apply.  Generally, the excessive force standard applies to an officer's efforts to gain control of a prisoner who is posing a security threat at that moment.  A heightened mental state requirement is appropriate because, in that situation, "corrections officials must make their decisions 'in haste, under pressure, and . . . without the luxury of a second chance.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley, 475 U.S. at 320).  However, a prisoner complaining about restraints after they have been secured does not present the same type of immediate threat.  In that situation, an officer will often have more time to assess any security threat that would be posed by addressing the prisoner's complaints. Further, the deliberate indifference standard applies to most situations in which a prisoner

3

is complaining about pain or discomfort, e.g., Smith v. Knox County Jail, 666 F.3d 1037, 1039-40 (7th Cir. 2012); Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 830 (7th Cir. 2009), so it makes sense to apply the same standard when a prisoner is complaining about restraints that are too tight. This is consistent with Hope v. Pelzer, 536 U.S. 730, 737-38 (2002), in which the Supreme Court applied the deliberate indifference standard to a claim involving a prisoner who was handcuffed to a hitching post for several hours.

In his reply brief, plaintiff argues that defendants have "conceded" liability under the deliberate indifference standard because they did not respond to his argument that the deliberate indifference standard should apply. Dkt. #120 at 1. Although defendants' silence on this issue could have the effect of forfeiting any argument that the more demanding excessive force standard should apply, it is still plaintiff's burden to prove that a reasonable jury could find in his favor under the correct standard. In any event, even if defendants had conceded liability as plaintiff suggests, this would not resolve the issue of qualified immunity, which I address below.

### B. Qualified Immunity

Both defendants have raised the defense of "qualified immunity," which means that plaintiff cannot prevail on a claim for money damages against defendants unless he shows

4

that defendants' alleged conduct violated clearly established law at the time of relevant events in 2007. Law is clearly established if a reasonable officer would have known that his conduct was violating the plaintiff's constitutional rights. Carroll v. Carman, 135 S. Ct. 348, 350 (2014). Although qualified immunity does not apply to requests for injunctive relief, Volkman v. Ryker, 736 F.3d 1084, 1091 (7th Cir. 2013), plaintiff does not identify any injunctive relief against defendants that he is entitled to receive.

I will assume for the purpose of the parties' motions for summary judgment that a reasonable jury could find that defendants consciously disregarded a substantial risk to plaintiff's health or safety. Camreta v. Greene, 131 S. Ct. 2020, 2031 (2011) (district courts have discretion to assume constitutional violation and proceed directly to question whether law was clearly established). However, this assumption does not help plaintiff because he has not shown that defendants' alleged conduct violated clearly established law in 2007 or any other time.

The only binding authority that plaintiff cites is Payne v. Pauley, 337 F.3d 767, 779-80 (7th Cir. 2003), in which the plaintiff alleged that a police officer arrested her without any justification and then "grabbed her left arm, jerked it into handcuffing position, forced her arm behind her back, slammed the handcuff down on her wrist, jerked her wrist, and tightened the handcuffs until Payne could not feel her hands." Id. at 774. Although the plaintiff told the defendant "that she could not feel her hands, and that she was in pain," the

5

defendant refused to loosen the handcuffs. Id. at 774-75. The court concluded that it was "well established that it was unlawful to use excessively tight handcuffs and violently yank the arms of arrestees who were not resisting arrest, did not disobey the orders of a police officer, did not pose a threat to the safety of the officer or others, and were suspected of committing only minor crimes." Id. at 779.

In support of their argument that they did not violate clearly established law, defendants cite Tibbs v. City of Chicago, 469 F.3d 661, 666 (7th Cir. 2006), in which the court concluded that a reasonable jury could not find a constitutional violation with respect to the following allegations:

> Tibbs likely suffered some discomfort and pain from handcuffs that Officer Kooistra applied somewhat too tightly; Tibbs complained to Officer Kooistra once about his handcuffs without elaborating on any injury, numbness, or degree of pain; Tibbs was handcuffed for about twenty-five to thirty minutes (from the time of his arrest to his arrival at the lockup facility); he experienced redness on his wrists for less than two days; and he neither sought nor received medical care for any alleged wrist injury.

Neither Payne nor Tibbs is on all fours with this case. Payne is distinguishable because that case involved an arrestee who alleged that she had done nothing to justify an arrest. Thus, under the plaintiff's version of events in Payne, *any* use of force was excessive, including the placement of the plaintiff in handcuffs. In this case, plaintiff concedes that defendants were justified in placing him in restraints during the transport as part of standard security protocols. Plt.'s Br., dkt. #34, at 9. Further, the allegations in Payne were more

6

serious because the plaintiff alleged that the defendant "grabbed her left arm, jerked it into handcuffing position, forced her arm behind her back, slammed the handcuff down on her wrist, jerked her wrist, and tightened the handcuffs until Payne could not feel her hands." Id. at 774. In other words, Payne was about much more than just tight handcuffs.

Tibbs is distinguishable because plaintiff was restrained for a longer time period than the plaintiff in Tibbs. In addition, plaintiff alleges more serious injuries. In particular, plaintiff says that he suffered nerve damage that still causes him pain. (Defendants dispute the extent of plaintiff's injuries, but I need not resolve that dispute for the purpose of deciding the parties' motions for summary judgment.).

Another difference is that both Payne and Tibbs involved the use of restraints on an arrestee rather than a convicted prisoner, which means that the court decided the cases under the Fourth Amendment rather than the Eighth Amendment. Because the question under the Fourth Amendment is simply whether the use of restraints was "objectively reasonable," Payne, 337 F.3d at 779, cases decided under the Fourth Amendment provide limited guidance for a case governed by the Eighth Amendment and employing a more demanding subjective standard.

Although neither Payne nor Tibbs is directly on point, it is plaintiff's burden to show that defendants violated clearly established law; it is not defendants' burden to show that the law clearly exonerates them. Moss v. Martin, 614 F.3d 707, 712 (7th Cir. 2010)

7

("[T]he plaintiff [does not have] to find a factually indistinguishable case on point, but if there is no such case, then he needs to offer a different explanation for why the constitutional violation is obvious."). Payne and Tibbs suggest that there was a hazy area in 2007 regarding the circumstances under which tight restraints become a constitutional violation, even with respect to arrestees. This uncertainty and the lack of relevant case law in the prison context counsels against a ruling in plaintiff's favor. Rooni v. Biser, 742 F.3d 737, 743 (7th Cir. 2014) ("It is difficult in borderline cases to say that a right to be free from a particular degree of force was 'clearly established.'"); Riccardo v. Rausch, 375 F.3d 521, 526 (7th Cir. 2004) ("Immunity protects officials who act at the 'hazy border' between the lawful and the forbidden.").

Further, although plaintiff was restrained for a longer period of time and says that he suffered more severe injuries than the plaintiff in Tibbs, an important similarity between this case and Tibbs is that plaintiff does not cite admissible evidence showing that he made *specific* complaints to defendants about the handcuffs. Tibbs, 469 F.3d at 666 (Tibbs complained about his handcuffs "without elaborating on any injury, numbness, or degree of pain."). "[A] reasonable officer cannot be expected to accommodate an injury that is not apparent or that otherwise has not been made known to him." Stainback v. Dixon, 569 F.3d 767, 773 (7th Cir. 2009). In his declaration, plaintiff says that he told defendant Scullion that the handcuffs were "too tight, pinching [his] wrists" when Scullion put them on, Plt.'s

8

Decl. ¶ 6, dkt. #36, that he told both defendants Scullion and Tom in the transport van that the handcuffs were "too tight, too painful and pinching [him]," id. at ¶ 9, and that he "continued to complain to defendants of the pain being caused." Id.

Plaintiff does not say how many times he complained about handcuffs over the four-hour period. More important, plaintiff does not say that he communicated to defendants that his situation was serious. In particular, he did not describe the severity of his pain or identify symptoms suggesting that he needed immediate attention. The absence of that type of evidence is even more problematic with respect to a claim under the Eighth Amendment because that type of claim requires a showing that the defendants *knew* that they were subjecting the plaintiff to a substantial risk of *serious* harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (under deliberate indifference standard, "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996) (refusal to treat "minor aches and pains" does not violate Eighth Amendment). See also Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008) (under Eighth Amendment, vague complaints may not be sufficient; prisoner complaint must be specific enough to show substantial risk of serious harm to his health or safety). Particularly because it is undisputed that prisoners often complain about their

9

restraints, Dfts.' PFOF ¶ 28, dkt. #126, I cannot say that defendants violated clearly established law by failing to adjust plaintiff's restraints in the absence of more specific information from plaintiff suggesting that he was suffering from a serious problem.

Plaintiff says in his declaration that his pain worsened during the trip and that he experienced swelling and numbness, dkt. #36 at ¶ 9, but he does *not* say in his declaration that he informed defendants of those symptoms, so plaintiff cannot rely on the symptoms to impose liability on defendants. Plaintiff does allege in his brief that he made more specific complaints to defendants, dkt. #129 at 7, but statements in a brief are not admissible evidence. Mitze v. Colvin, 782 F.3d 879, 882 (7th Cir. 2015). See also Procedure to Be Followed on Motions for Summary Judgment, I.B.4 ("The court will not consider facts contained only in a brief."). Although plaintiff is pro se, he is a seasoned litigator who is well-versed in federal procedure. Thus, if plaintiff had wanted to include additional facts in his declaration, he certainly knew how to do that.

Perhaps there is an argument that general complaints of pain from a prisoner in handcuffs should be sufficient under the Eighth Amendment to trigger responsibility by officers to take action, but the law in existence in 2007 did not clearly establish that responsibility. In fact, the law since 2007 seems to support the opposite conclusion. Rooni v. Biser, No. 11-cv-827-bbc, slip op. at 15-16 (W.D. Wis. Dec. 17, 2012) (officer entitled to qualified immunity on claim that officer ignored multiple complaints from arrestee that

10

handcuffs were too tight), aff'd in relevant part, Rooni, 742 F.3d at 743; Rabin v. Flynn, 725 F.3d 628, 636 (7th Cir. 2013) ("[G]eneralized complaints of pain are insufficient to show excessive force."); Sow v. Fortville Police Dept., 636 F.3d 293, 304 (7th Cir. 2011) (affirming dismissal of claim regarding tight handcuffs, noting that "Plaintiff presented no evidence that he provided any elaboration [regarding the severity of his pain] to" officer); Stainback, 569 F.3d at 773 ("[T]he record shows that . . . Mr. Stainback complained generally about pain after he was handcuffed. These generalized complaints, without any elaboration regarding a preexisting injury or other infirmity, would not have placed a reasonable officer on notice that Mr. Stainback would be injured by these actions.").

Plaintiff cites a number of cases from other circuits, but these cases have limited value in showing what was clearly established in this circuit. Further, all but one of the cases involved the less demanding standard for claims involving arrestees. Even setting aside the different standard, the cases plaintiff cites included much more serious allegations. Wall v. Cnty. of Orange, 364 F.3d 1107, 1109-10 (9th Cir. 2004) (officer "physically attacked" plaintiff without justification, "grabbed him by his right wrist and bent and twisted his arm," "smash[ed] his face, chest, and glasses," handcuffed his hands "extremely tight" behind his back, "picked [him] up by his handcuffed arms and threw [him] upside down and head first into the patrol car"); Palmer v. Sanderson, 9 F.3d 1433, 1434-35 (9th Cir. 1993) (officer "jerked Palmer out of his car, pushed him against it, frisked him, handcuffed him, and

pushed him into the back seat of the patrol car with such force that Palmer fell over sideways").  One case was limited to the question whether "long-term" injury is required for an excessive force claim, Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005), an issue that is not dispositive in this case. Another case was about jury instructions in an excessive force case, Bastien v. Goddard, 279 F.3d 10, 12 (1st Cir. 2002); it did not address the type of complaint that triggers a duty to loosen restraints.  The question in the one case involving a prisoner was simply whether the prisoner's complaint satisfied federal pleading standards, Davidson v. Flynn, 32 F.3d 27, 28 (2d Cir. 1994), so that case is not instructive either.  In sum, none of the cited cases support a view that defendants violated clearly established law when they refused to loosen plaintiff's restraints.  Accordingly, I conclude that plaintiff has failed to overcome defendants' qualified immunity defense.

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiff Mustafa-El Ajala (formerly known as Dennis Jones-El), dkt. #103, is DENIED, and the motion for summary judgment filed by defendants Craig Tom and Matthew Scullion, dkt. #112, is

GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 21st day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13